UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**MOUNTAINSIDE MANOR REAL REAL ESTATE ASSOCIATES, LLC, et al.,**

        **Plaintiffs** : **CIVIL ACTION NO. 3:20-506**

        **v.** : **(JUDGE MANNION)**

**DALLAS TOWNSHIP,**

        **Defendant**

## MEMORANDUM

### I. BACKGROUND

Plaintiffs Mountainside Manor Real Estate Associates, LLC, 3856 SR Highway Properties, LLC, and New Horizons at Dallas, LLC, filed their complaint against defendant Dallas Township on March 30, 2020, regarding the property located at 2856 SR 309 Highway, Dallas Township, Luzerne County, Pennsylvania.

The subject property is located in a commercial area and is zoned as a B-2 Zone (Highway Commercial Zoning District) under the Dallas Township Zoning Ordinance ("the Ordinance"). (Doc. 1, at 4). On the property there are two "U" shaped buildings that have historically shared common utilities, such as plumbing, sanitary sewer, access drives, and

parking spaces. (Doc. 1, at 4). The entire property has been used as a personal care facility for almost two decades, which falls within the permitted use of "Personal Care Boarding or Domiciliary Houses" of the Ordinance. (Doc. 1, at 5). As such, the buildings operated as an 84 bed facility providing residents with such services as "money management, transportation, medical assistance, nutritional guidance, dressing, and hygiene." (Doc. 1, at 4).

In approximately 2004, the northerly building on the property was converted to a Step-Down facility, focusing on drug and alcohol addiction treatment for its residents. (Doc. 1, at 5). Although similar in use to the personal care facility, the Step-Down facility is not a permitted use within the B-2 zoning district of the Ordinance. (Doc. 1, at 7). The southerly building on the property, however, remained a personal care facility until 2013, when a pipe burst and required the building to be vacant until repairs were made. (Doc. 1, at 6). In 2018, plaintiffs decided to expand the Step-Down facility to the southerly building, instead of restoring it to a personal care facility, and subsequently applied for a zoning permit. (Doc. 9, at 2).

Plaintiffs sought to obtain copies of the permits and approvals for the already existing Step-Down facility in the northerly building, to assist the new permit application, but the Township could not find any records about the

property. (Doc. 1, at 7). Plaintiffs went forward with the application, but the Township Zoning Officer, Carl Adler, denied the application, and directed plaintiffs to appeal the decision to the Township Zoning Hearing Board. (Doc. 1, at 7). Plaintiffs then filed an appeal seeking a special exception to the permit expansion of the Step-Down facility with a variance from the off-street parking requirements. (Doc. 1, at 9). Plaintiffs argued the denial was improper since the northerly building had already been operating as a Step-Down facility for years, and even as recent as 2019, had been acknowledged as such through a Certificate of Non-Conformity, issued by the Township. (Doc. 1, at 8). Hearings for the appeal were held on or about October 15, 2018, November 19, 2019, and February 18, 2019. (Doc. 9, at 3).

On February 18, 2019, the Zoning Hearing Board voted to deny the appeal, and then presented that decision to plaintiffs on March 18, 2019. (Doc. 9, at 3). The decision did not provide any reasons for the denial, but simply stated that the appeal was denied. (Doc. 1, at 9). Thereafter, an appeal was made to the Luzerne County Court of Common Pleas.[1] (Doc. 1, at 9; Doc. 9, at 3).

---

[1] There is no indication from the parties' filings that the appeal has been decided by the Luzerne County Court of Common Pleas.

## II. STANDARD

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiffs may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6)

dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (*per curiam*).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

III. DISCUSSION

A. Violations of the Fair Housing Act ("FHA")

For claims made pursuant to the FHA, a plaintiff must allege that the defendant acted in a discriminatory manner "because of a handicap." 42 U.S.C. §3604(f). For a disparate treatment claim under the FHA, a plaintiff must show that a discriminatory purpose was a "motivating factor." Cmty. Servs., Inc. v. Wind Gap Mun. Auth., 421 F.3d 170, 177 (3d Cir. 2005). For a disparate impact claim, a plaintiff must demonstrate that the defendant's conduct has a greater adverse impact on disabled persons than on non-protected persons. Sharpvisions, Inc. v. Borough of Plum, 475 F.Supp.2d 514, 525 (W.D. Pa. 2007). And for reasonable accommodation, a plaintiff

must show that the accommodation is reasonable and necessary to "afford handicapped persons an equal opportunity to use and enjoy a dwelling." Lapid–Laurel, L.L.C. v. Zoning Bd. of Adjustment of Twp. of Scotch Plains, 284 F.3d 442, 457 (3d Cir. 2002).

For both disparate treatment and disparate impact claims, the individuals' handicap is required to be a factor in the decision-making process, but the facts alleged in the instant action do not suggest that defendant used the residents' handicap as a factor. As recent as 2019, defendant did grant the Certificate of Non-Conformity allowing the northerly building to be used as a Step-Down facility (Doc. 1, at 8), going against any indicia of discriminatory intent or motive. Although defendant did not have the records regarding the existing Step-Down facility (Doc. 1, at 7), plaintiffs do not suggest how this specific action is discriminatory in nature.

Additionally, the initial denial of the permit application and subsequent appeal to the Zoning Hearing Board are also not discriminatory as they are steps in the permitting process that can happen to any applicant. Finally, defendant's actions have not limited the residents' opportunity to enjoy the property as it is still in operation. Based on the facts alleged by plaintiffs, there is not a plausible claim for relief for a violation of the FHA.

## B. Violations of the Americans with Disabilities Act ("ADA")

For claims under the ADA, an entity asserting the claim on behalf of the disabled persons must show that the disabled persons were excluded from participation or denied benefits "by reason of such disability." 42 U.S.C. §12132.

Again, the facts alleged by plaintiffs do not suggest a violation of the ADA as they do not show that defendant's conduct was in response to the residents' disability. Plaintiffs conclude that the seemingly "inexplicable" actions of the defendant were "pursuant to a pre-ordained plan of discrimination on the basis of the Step-Down Facility residents' status as persons recovering from drug or alcohol addiction." (Doc. 13, at 15). As mentioned previously, however, the denial of the application, the loss of records, and the continued use of the property in its previous capacities do not indicate a discriminatory motive or intent on behalf of the defendant.

Disregarding the legal conclusions provided by the plaintiffs, the remaining alleged facts do not create a plausible claim for relief for a violation of the ADA.

### C. Violations of the Rehabilitation Act

As a precursor to the ADA, a plaintiff claiming a violation of the Rehabilitation Act similarly must demonstrate that disabled persons were excluded from critical areas such as housing because of that disability. 29 U.S.C. § 701.

By incorporating the same arguments as its ADA claims, plaintiff allege no new facts that could grant relief under the Rehabilitation Act. Plaintiffs conclude that the conduct of the defendant has made housing unavailable on account of the residents' handicap or disability (Doc. 1, at 17), but again, the housing is still available. Defendant's conduct did not eliminate the existing uses of the property, but instead denied the expansion to the southerly building. Based on the facts alleged, this denial does not permit relief under the Rehabilitation Act.

### D. Violations of the 14th Amendment to the U.S. Constitution

For a claim of a violation of substantive due process through a zoning ordinance, a plaintiff must establish (1) a protected property interest, Taylor Inv., Ltd. v. Upper Darby Twp., 983 F.2d 1285, 1290 (3d Cir. 1993), and (2) egregious government conduct that "shocks the conscience." United Artists

Theatre Circuit, Inc. v. Township of Warrington, 316 F.3d 392, 400 (3d Cir. 2003).

Plaintiffs do have a protected property interest in the subject property, but the conduct complained of is not the type that "shocks the conscience" and in turn violates the 14th Amendment. Plaintiffs conclude that defendant intentionally treated plaintiffs' request differently than other similarly situated entities, such as the personal care home (Doc. 1, at 19), but the facts do not suggest this conclusion. With Step-Down facilities not included in the B-2 Zone, there is a rational and non-discriminatory reason that the application was denied. For plaintiffs, the defendant's conduct was arbitrary, inconsistent, and unlawful, but the facts provided do not suggest such treatment. Based on the facts alleged, defendant denied a zoning permit, which was within its power to do. Therefore, plaintiffs have not provided a claim that permits relief under the 14th Amendment.

### E. Violations of Article I, Section 26 of the Pennsylvania Constitution

Under Article 1, Section 26, similar to the previous claims made, a plaintiff must show that the Commonwealth or a political subdivision has denied individuals an enjoyment of a civil right due to a discriminatory purpose. PA. CONST. art. I, §26.

Plaintiffs incorporate their arguments from their 14th Amendment claim for this claim, and as above, there is no showing that the defendant acted in a discriminatory manner to deny the residents their enjoyment of their civil rights. Although the permit application was denied, the facts alleged do not provide a basis to conclude that defendant denied the application because of the population who would be living in the facility. Therefore, there is not a plausible claim under Article 1, §26 of the Pennsylvania Constitution that would permit relief.

### F. Violations of the 5th Amendment to the U.S. Constitution

Finally, under the 5th Amendment, a plaintiff must demonstrate that the government conduct constituted a taking without just compensation. A regulatory taking can be proven as either a permanent physical invasion on an owner's property or a deprivation of "all economically beneficial or productive [uses] of the land." Sutton v. Chanceford Twp., 186 F.Supp.3d 342, 349–50 (M.D. Pa. 2016) citing Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1015, (1992).

Here, there has been no taking without just compensation. Plaintiffs claim that defendant has interfered with their right to enjoy and possess their property (Doc. 13, at 20), but defendant has not done so. Plaintiffs are still

able to possess and maintain their property in the manner that it was before, containing both personal care and Step-Down facilities. Plaintiffs have similarly not lost all economic benefit from the property. Based on the facts provided by plaintiffs, there is not a claim upon which relief can be granted for a violation of the 5th Amendment.

## IV. CONCLUSION

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss an action when a plaintiff has failed to state a claim upon which relief could be granted. Here, plaintiffs have failed to allege facts regarding defendant's conduct that create plausible claims for relief. As such, plaintiffs' claims will be dismissed. An appropriate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 29, 2021**
20-506-01